[S. F. No. 4031. Department Two.—January 18, 1905.]

## COUNTY OF MARIPOSA, Respondent, v. M. C. KNOWLES, Appellant.

EMINENT DOMAIN—PRIVATE ROAD—SUFFICIENCY OF BOND—ERASURE— RECITALS OF PETITION.—In an action to condemn a right of way for a private road, the bond accompanying the petition is not rendered insufficient because the words "jointly and severally" were erased therefrom, the legal effect being the same where the principal and each of the sureties are bound in the same sum; nor is the bond objectionable because in its recitals the petition is inaccurately referred to as describing the land as that of the defendant, whereas it also included the land of the petitioner, the identity of the petition referred to being sufficiently clear.

ID.—DEPOSIT OF MONEY AWARDED—CONSTRUCTION OF CODE.—Where the damages awarded by the viewers were deposited in the treasury by the petitioner as a party interested in the private road, under the proviso in section 2689 of the Political Code, and it was kept separate from the county moneys, it is all that was required. The provisions requiring the damages to be set apart in the treasury out of the proper fund applies only to county moneys, and not to moneys paid by a private party under the proviso; and the provisions of section 4145 of the Political Code relating to auditor's certificate have no application to such money.

APPEAL from an order of the Superior Court of Mariposa County denying a new trial. J. J. Trabucco, Judge.

The facts are stated in the opinion.

John A. Wall, for Appellant.

· J. A. Adair, District Attorney, for Respondent.

SMITH, C.—This is a proceeding to condemn a right of way for a private road over the land of the defendant. The plaintiff had judgment; and the appeal is by the defendant from an order denying his motion for a new trial. From the findings it appears that all the proceedings before the board of supervisors were regular. But the finding as to the bond to accompany the petition required by sections 2682 and 2683 of the Political Code is attacked as not justified by the evidence; as is also the finding as to the deposit in the treasury of the twenty-five dollars allowed as damages by the viewers— as required by the proviso in section 2689 of the same code.

As to the bond, the objections are: "That the bond is joint, and no liability is fixed on the principal," and, consequently, none on the sureties; and that in the recitals of the bond the petition is inaccurately referred to as praying for a road "over the land of" defendant. But as to the latter point, the description given is none the less accurate, because the road was also over the land of Helm—who was one of the petitioners; nor—provided the identity of the petition referred to remain sufficiently clear—would a mistake in the recitals in the bond affect its validity. Nor—assuming for the purpose of the decision that, under the provisions of section 2690 of the Political Code, objections to the bond can be considered—is the other objection more tenable. By the terms of the bond the principal and each of the sureties are bound in the sum of one hundred dollars, and the bond is therefore both joint and several for that amount. Nor would the effect of the bond have been altered had the words erased from the penal clause—which purport to bind the parties "jointly and severally"—been suffered to remain.

The objection to the finding as to the deposit of the twenty-five dollars damages is also untenable. It is not disputed that this amount was deposited in the treasury by Helm, as a party interested in the road, under the proviso in section 2689 of the Political Code cited, or that it was kept separate from the county moneys; which was all that was required. The provisions of the section requiring the damages "to be set apart in the treasury out of the proper fund" applies only to the county moneys, and not to moneys paid by a private party under the proviso. Nor have the provisions of section 4145 of the Political Code, relating to auditor's certificate,

any application to such moneys. (*Heppe* v. *Johnson,* 73 Cal. 265.)

I advise that the order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J.,Henshaw, J.

Hearing in Bank denied.